| | | | |
|---|---|---|---|
| | AUSA: | Hank Moon | Telephone: (313) 226-0220 |
| AO 91 (Rev. 11/11) Criminal Complaint | Officer: | Alexander Carlson | Telephone: (313) 450-2590 |

# UNITED STATES DISTRICT COURT
for the

### Eastern District of Michigan

| | | |
|---|---|---|
| United States of America<br>v.<br>Jose Jesus MARCOS SIMON | Case No. | Case: 2:26−mj−30366<br>Assigned To : Unassigned<br>Assign. Date : 6/17/2026<br>Description: CMP USA V. MARCOS SIMON (DJ) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 16, 2026 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____

Alexander Carlson, U.S. Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____ June 17, 2026 _____

_____
*Judge's signature*

City and state: Detroit, MI

Hon. Kimberly G. Altman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Alexander Carlson, declare the following under penalty of perjury:

1.    I am an agent with the U.S. Department of Homeland Security, U.S. Border Patrol. I have been employed in this capacity since March 22, 2010, and am assigned to the Gibraltar Border Patrol Station. The facts set forth herein are based upon my personal knowledge, information provided by other law enforcement officers, including Border Patrol agents, and record checks of law enforcement databases. I have also reviewed material from the official immigration file and system automated data relating to Jose MARCOS-SIMON, a native and citizen of Mexico.

2.    This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for MARCOS-SIMON for violating 8 U.S.C. § 1326, unlawful re-entry following removal. I have not included every fact known to law enforcement related to this investigation.

3.    MARCOS-SIMON is 49 years old, a native and citizen of Mexico, and was previously removed from the United States on or about June 29, 2009, and August 30, 2009.

1

**Previous arrests and immigration encounters:**

4.      On or about November 8, 2005, MARCOS-SIMON was sentenced to 10 days in jail for not having a valid driver's license in Polk County, Florida.

5.      On or about January 19, 2007, MARCOS-SIMON was sentenced to 60 days in jail for knowingly driving while his license was suspended/revoked in Polk County, Florida.

6.      On or about May 4, 2009, MARCOS-SIMON was encountered by Immigration and Customs Enforcement (ICE) officers while he was in Polk County Jail for a probation violation. ICE placed a detainer on him and requested to be notified upon MARCOS-SIMON's release from jail.

7.      On or about June 3, 2009, MARCOS-SIMON was sentenced to 270 days in jail for driving under the influence in Polk County, Florida.

8.      On or about June 25, 2009, MARCOS-SIMON requested and was granted a stipulated order of removal by an Immigration Judge in Miami, Florida.

9.      On or about June 29, 2009, MARCOS-SIMON was removed to Mexico through Hidalgo, Texas.

10.      On or about August 27, 2009, MARCOS-SIMON was encountered by United States Border Patrol agents near Sells, Arizona, and processed as a Reinstatement of Prior Deport Order. MARCOS-SIMON was again removed to Mexico through Nogales, Arizona, on August 30, 2009.

2

**2026 encounter and arrest:**

11.     In 2026, United States Border Patrol agents assigned to the Detroit Sector Targeting Unit identified MARCOS-SIMON as an illegal alien who has been previously ordered removed from the United States yet currently living in Taylor, Michigan.

12.     On June 16, 2026, Agents positively identified MARCOS-SIMON based on photographs from previous immigration encounters as he exited his known residence and approach a vehicle used by and registered to him. Agents approached MARCOS-SIMON before he entered his vehicle, identified themselves and as Border Patrol Agents, and conducted an immigration inspection. Agents then determined that MARCOS-SIMON had unlawfully entered the United States at a time and place other than as designated by the Attorney General of the United States or the Secretary of the Department of Homeland Security of the United States and was unlawfully present in the United States. Agents arrested MARCOS-SIMON and transported him to the Gibraltar Station for processing.

13.     While at the Gibraltar Border Patrol Station, agents captured MARCOS-SIMON's fingerprints and photograph and entered this information into the Automated Biometric Identification System and the Next Generation Identification System. The results revealed that MARCOS-SIMON is a citizen of

3

Mexico, with no record of obtaining permission to re-enter the United States following his June 29, 2009, or his August 30, 2009, removals.

14.     The aforementioned 2026 arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in 8 U.S.C. §§ 1357, 1225, 1226, and/or 1231 to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

15.     Review of the Alien File (A# XXX XXX 843) for MARCOS-SIMON, and queries in U.S. Department of Homeland Security databases confirm no record exists of MARCOS-SIMON obtaining permission from the Attorney General or the Secretary of Homeland Security to re-apply for admission to the United States after his last removal from the United States on August 30, 2009.

16.     Based on the above information, there is probable cause to conclude that Jose MARCOS-SIMON is a native and citizen of Mexico, committed the offense of unlawful reentry following removal from the United States in violation of Title 8, United States Code, Section 1326(a).

_____
Alexander Carlson, Border Patrol
Agent  U.S. Department of Homeland
Security

4

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Hon. Kimberly G. Altman
United States Magistrate Judge


June 17, 2026